# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ULYSSES THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2221** |
| **WARDEN, JACKSON PARISH CORRECTIONAL CENTER** | **SECTION "J"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Ulysses Thomas, is a convicted inmate currently incarcerated in the Jackson Parish Correctional Center in Jonesboro, Louisiana.[2] Thomas's pleadings and its attachments indicate that on December 16, 2009, he entered a negotiated plea of guilty to multiple counts of possession of cocaine in Jefferson Parish criminal Case No. 00-6764.[3] He was sentenced to serve five (5) years in prison at hard labor on each count to run concurrently with his sentences in Case Nos. 00-6195 and 00-6573.

That same day, he entered guilty pleas to two counts of distribution of marijuana and ten counts of distribution of cocaine in Case No. 00-6195. He was sentenced to serve 15 years in prison at hard labor on each count. On his guilty plea to the multiple bill, he was resentenced on the third count in that case for distribution of cocaine as a multiple offender to serve 15 years in prison concurrently with the other sentences. The convictions and sentences were affirmed on appeal, and remanded only for correction and re-issuance of the commitment order.[4] Thomas also entered a guilty plea in Case No. 00-6573 to possession with intent to distribute cocaine and received a five (5) year prison sentence to run concurrently with the other sentences.

---

[2]Rec. Doc. Nos. 1, 4.

[3]Rec. Doc. No. 1-2, p. 16.

[4]State v. Thomas, 81 So.3d 848 (La. App. 5th Cir. 2011).

On December 27, 2011, Thomas filed a motion to correct his sentence in Case No. 00-6764, arguing that the State lost jurisdiction over the charges by failing to institute the prosecution while he was incarcerated in Ohio.[5] The state trial court construed the motion as seeking post-conviction relief pursuant to State v. Parker, 711 So.2d 694 (La. 1998). On January 26, 2012, the court denied relief pursuant to La. Code Crim. P. art. 882 and 872, finding that Thomas did not identify an illegal term in his sentence.

According to his pleadings, Thomas sought review of this order on February 13, 2012, in the Louisiana Fifth Circuit in Case No. 12-KH-144.[6] The court denied the application on March 27, 2012, finding no error in the trial court's decision to construe the motion as an application for post-conviction relief.[7] The court also held that, as an application for post-conviction relief, it was properly denied as untimely filed under La. Code Crim. P. art. 930.8.

In his petition to this court, Thomas indicates that he has not sought review of the appellate court's ruling in the Louisiana Supreme Court.[8] Independent research by my staff, however, indicates that Thomas has a writ application currently pending but not yet resolved in the Louisiana Supreme Court under Case No. 2012-KH-1605 filed on July

---

[5] Id.; see Rec. Doc. No. 1-2, p. 8.

[6] Rec. Doc. No. 1-2, pp. 1-3, 5.

[7] Rec. Doc. No. 1-2, pp. 4, 5.

[8] Rec. Doc. No. 4, p. 12.

10, 2012.⁹ The pending application seeks review of his unsuccessful Louisiana Fifth Circuit writ application in Case No. 2012-KH-472 in which he challenged the state trial court's denial of his motion to correct an illegal sentence concerning his three trial court case numbers, 00-6764, 00-6195 and 00-6573. This writ application is still pending before the Louisiana Supreme Court at this writing.

## II. FEDERAL HABEAS PETITION

On April 3, 2012, the clerk of the United States District Court for the Western District of Louisiana filed Thomas's petition for federal habeas corpus relief, as supplemented on May 11, 2012, in which he challenges the state courts' denial of his motion to correct an illegal sentence.¹⁰ The matter was transferred here.¹¹

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996¹² and

---

⁹A member of my staff contacted the office of the clerk of the Louisiana Supreme Court and was provided with the writ numbers, related case numbers and a description of the basis of the relief sought.

¹⁰Rec. Doc. Nos. 1, 4.

¹¹Rec. Doc. No. 9.

¹²The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

4

applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Thomas's petition, which, for reasons discussed below, is deemed filed in a federal court on April 2, 2012.[13]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has not yet been ordered to file a response in this case, because, as noted above, Thomas concedes in his petition that he has not sought review of his claims in the Louisiana Supreme Court. In spite of his statement, my research located a pending writ application related to these same claims in the Louisiana Supreme Court on which the court has not yet ruled.

---

[13]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Thomas's original hand-written petition was received by the clerk of the Western District on April 3, 2012. Thomas did not date that pleading. The envelope attached thereto bears a postmark date of April 2, 2012. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.

Because the state courts' review is not yet complete and/or has not been sought at every level, I find sua sponte that Thomas's petition should be dismissed without prejudice for failure to exhaust state court remedies.  Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report**.  Kurtzemann v. Quarterman, 306 Fed. Appx. 205 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing Day v. McDonough, 547 U.S. 198, 209-10 (2006) (addressing limitations) and Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)).

IV.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Thomas must have fairly presented the same claims and legal theories he urges in this federal court to the state

courts through to the Louisiana Supreme Court in a procedurally proper manner and have given that court, and the state courts below, an opportunity to address those claims. As mentioned above, Thomas claims that he has not sought review of his claims in the Louisiana Supreme Court. However, the records of the Louisiana Supreme Court reflect that Thomas has sought review of the denial of relief related to his motion to correct an illegal sentence, but that court has <u>not</u> completed its review of the writ application filed there on July 10, 2012. In either case, Thomas has not allowed the Louisiana Supreme Court a full and proper review of his claims.

The record discloses no good cause for Thomas's failure to exhaust these claims, and this court can find none. See <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005). Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to allow Thomas to completely exhaust available state court remedies. <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004) (quoting <u>Rose</u>, 455 U.S. at 510); <u>Whitehead</u>, 157 F.3d at 387.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Ulysses Thomas's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[14]

New Orleans, Louisiana, this __14th__ day of September, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[14]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.